**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 3:10cr63(JCH)** |
| | : | |
| **WILLIAM OEHNE** | : | **July 13, 2011** |

### MOTION FOR RESTITUTION

The United States submits this motion, brief memorandum and sealed attachment for the Court's consideration on the issue of restitution.  As we informed the Court at the sentencing on May 31, 2011, the victim and her family members have been advised about the restitution laws and generally what is permissible under those laws.  The family members did not seek to submit anything to the Court in connection with the sentencing.  The Government further informed the family members and the victim that they have 90 days after judgment to submit any claims.  The attachment, which has been filed under seal because in contains identity and medical information, has been sent to us by the victim's family.  The victim's family is seeking restitution for the attached bills.  Our victim service provider has explained to them our position on this request.  Nevertheless, the family resent the bills and is seeking restitution.  Since the victim and her family members do not have separate counsel, we are submitting the attachment for the Court's consideration on behalf of the victim in this case.  Below we have briefly set forth the

legal standard regarding restitution.

A.        Restitution for Offenses Relating to the Material
          Involving the Sexual Exploitation of Minors

Courts have repeatedly affirmed the mandatory character of restitution for crimes involving the sexual exploitation of minors as outlined in offenses under Chapter 110 of the United States Code.  *See e.g.,* United States v. Searle, 65 Fed.App'x 343 (2d Cir. 2003) ("18 U.S.C. § 2259 provides that a person convicted of sexual exploitation of a child must pay restitution."); United States v. Julian, 242 F.3d 1245 (10th Cir. 2001); United States v. Danser, 270 F.3d 451 (7th Cir. 2001); United States v. Laney, 189 F.3d 954 (9th Cir. 1999).  The text of Section 2259 clearly provides for mandatory restitution for all such offenses, including child pornography offenses.  The statute explicitly directs that "the court *shall* order restitution for any offense under [Chapter 110]."  18 U.S.C. § 2259(a) (emphasis added).  Chapter 110, entitled Sexual Exploitation and Other Abuse of Children, sets forth the various federal child pornography offenses including the crimes with which the defendant was charged.

Damages under Chapter 110 are available for the "full amount of the victim's losses."  *Id.* at § 2259(b)(1).  The term victim "means the individual harmed as a result of a commission of a crime under this chapter." *Id.* at § 2259(c).  The statute defines losses to include any costs incurred by the victim for medical services relating to physical, psychiatric, or psychological

care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorneys' fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offense.  *Id.* at § 2259(b)(3).

Courts have also awarded restitution for a variety of the costs enumerated in the statutory provision, including past and future counseling, vehicles to transport an adopted, abused child, and house remodeling expenses. Laney, 189 F.3d at 966 (finding "Section 2259 is phrased in generous terms, in order to compensate the victims of sexual abuse for the care required to address the long term affects of their abuse."); Searle, 65 Fed.App'x at 343.

The question of who is a victim entitled to restitution, and, therefore, whether the victim's losses were proximately caused by the defendant necessarily involve fact-specific inquiries.  In re Rendon Galvis, 564 F.3d 170, 175 (2d Cir. 2009) (considering provision of the Crime Victims' Rights Act, 18 U.S.C. § 3771(e)).

The victim seeks restitution in the amount of the attached bills.[1]  We have discussed our concerns regarding establishing proximate cause for these bills with the victim but provide it to the Court for the Court's separate consideration.

---

[1]     We will serve by mail a copy of our motion to the family.

Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY


/S/_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. cct24433
United States Attorney's Office
1000 Lafayette Boulevard, 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000
Krishna.Patel@usdoj.gov

## CERTIFICATION

I hereby certify that on July 11, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/S/_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY