## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL NO. |
| | : | 3:10-CR-00063 (JCH) |
| v. | : | |
| | : | |
| WILLIAM OEHNE | : | JULY 26, 2011 |
| Defendant. | : | |

### RULING RE: MOTION FOR RESTITUTION [Doc. No. 124]

Pending before the court is the Government's Motion for Restitution (Doc. No. 124). Attached to the Motion are medical bills filed under seal which relate to care received by the minor victim. However, the bills contain no description of the treatment received, and the Government has not submitted any medical records that explain the nature of the medical treatment.

Restitution is mandatory for crimes involving the sexual exploitation of minors. See 18 U.S.C. § 2259(a) ("the court shall order restitution for any offense under this chapter") (emphasis added); United States v. Searle, 65 Fed. Appx. 343 (2d Cir. 2003) ("18 U.S.C. § 2259 provides that a person convicted of sexual exploitation of a child must pay restitution."). Restitution must be ordered for the "full amount of the victim's losses," which includes any costs incurred by the victim for:

    (A) medical services relating to physical, psychiatric, or psychological care;
    (B) physical and occupational therapy or rehabilitation;
    (C) necessary transportation, temporary housing, and child care expenses;
    (D) lost income;
    (E) attorneys' fees, as well as other costs incurred; and
    (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(1), (3).

Although the victim's losses are defined broadly, the statute still requires that the losses were proximately caused by the defendant. See 18 U.S.C. § 2259(b)(3)(F)

(authorizing restitution for "any other losses suffered by the victim as a proximate result of the offense"); United States v. Laney, 189 F.3d 954, 965 (9th Cir.1999) ("Section 2259 . . . incorporates a requirement of proximate causation"); United States v. Crandon, 173 F.3d 122, 125 (3rd Cir.1999) ("The mandatory restitution provision of the Protection of Children Against Sexual Exploitation Act requires awarding the full amount of the victim's losses suffered as a proximate result of the offense."); U.S. v. Berk, 666 F. Supp. 2d 182, 189 (D. Me. 2009) (under section 2259, "the Court is authorized to order restitution solely for those losses proximately caused by the conduct underlying the offense of conviction").

From the limited documentation submitted with the Motion, the court has no way of determining whether the bills represent costs incurred by the victim that were proximately caused by the defendant.[1] As a consequence, the court must deny the Motion for Restitution. However, the court denies the Motion without prejudice to renew with a showing that the bills were incurred "as a result of" Oehne's criminal conduct.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 26th day of July, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The Government notes in the Motion that it has "concerns regarding establishing proximate cause for these bills" but that it nevertheless submits the bills "for the Court's consideration on behalf of the victim in this case," in light of the fact that "the victim and her family members do not have separate counsel." Motion for Restitution (Doc. No. 124) at 1-2.